**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22286-CIV-SMITH/D'ANGELO**

TARIK SMITH,

    **Plaintiff,**

vs.

MIAMI-DADE, et al.,

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON EMERGENCY MOTIONS**
**FOR TEMPORARY RESTRAINING ORDER AND MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Dismiss Claims Against Unserved Defendants Without Prejudice filed on December 18, 2025 (DE 89), Plaintiff's Emergency Petition for Temporary Restraining Order to Bar Enforcement of State Warrant and Related Administrative Actions filed on January 5, 2026 (DE 95), and Plaintiff's Supplemental Emergency Notice of Imminent Enforcement Risk and Request for Immediate Action filed on January 6, 2026 (DE 97).[1] In the motions for temporary restraining order Plaintiff requests that the Court issue a temporary restraining order enjoining Defendants from: (1) executing or enforcing any arrest warrant arising from a state traffic matter, (2) arresting, detaining, or incarcerating Plaintiff based on the warrant, or (3) enforcing or maintaining any driver's license suspension or related administrative action derived from the state traffic matter (DE 95 at 2). On January 13, 2026 the Court issued an Order directing Plaintiff to submit supplemental briefing to

---

[1] This case was referred to the undersigned Magistrate Judge for all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters (DE 101).

fix the deficiencies in the motions for a temporary restraining order ("TRO") by January 20, 2026 (DE 104).  Plaintiff did not file any supplemental briefing.

    I.    **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

    **A. Legal Standard**

To obtain a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65, the moving party must demonstrate: "(1) [that he has] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."  *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citation omitted).

Moreover, when a party is seeking emergency relief from the Court, he must comply with the Local Rules for the Southern District of Florida, which require that the motion, among other requirements, detail the nature of the emergency, state the date by which a ruling is necessary and why, and include a certification before the signature block stating:

> After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days.  I understand that an unwarranted certification may lead to sanctions.

S.D.F.L. Local Rule 7.1(d).[2]

    **B. Discussion**

As an initial matter, Plaintiff has failed to fully comply with the Local Rules for emergency relief.  Neither of Plaintiff's motions specify a date by which a ruling is necessary and why, nor

---

[2] In its prior Order Providing Instructions to *Pro Se* Litigant, the Court informed Plaintiff that he must comply with all applicable Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida (DE 48).

do they include the required emergency certification before the signature block. Nor is the need for emergency relief clear from the motion. For example, Plaintiff states, "A state warrant exists from a traffic-matter that predates this federal filing[,]" and "[a]lthough issued earlier, the warrant's continued existence and enforceability create a standing and ongoing risk of arrest and detention . . ." (DE 95 at 1). Plaintiff acknowledges that he has been aware of the alleged outstanding warrant for some unknown period of time, but he does not state how long or that any circumstances have changed. So, it is unclear why Plaintiff requires emergency relief now. *See Spimerica Access Sols., LLC v. Palazzani Industrie, S.P.A.*, No. 23-23222-CIV, 2023 WL 5748160, at *1 (S.D. Fla. Sept. 6, 2023) ("[T]he Court's review of the materials in this case reveals that the Defendant's alleged scheme has been unfolding for some time, and that [the moving party] has known about it since at least August 2, 2023 . . . thus undermining the latter's claim that this is a true emergency."); *see also ECO Glob. Sales Grp., Inc. v. ECO Tabs Gauteng (PTY) Ltd.*, No. 25-61132-CIV, 2025 WL 2829584, at *4 (S.D. Fla. June 17, 2025) (holding the emergency motion did not describe a "true emergency" because the plaintiff had known about the issue for almost five years before the emergency motion was filed). Therefore, due to the lack of facts regarding the circumstances and timing of the alleged arrest warrant, the Court does not have sufficient information to determine if a true emergency exists warranting expedited relief.

Furthermore, neither of Plaintiff's motions address the elements required for entry of a TRO. First, in the motions, Plaintiff does not discuss whether he has a substantial likelihood of success on the merits. *See In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020) ("If there is no substantial likelihood of success on the merits, no injunction may be issued."). Second, Plaintiff does not state specific facts that clearly show immediate and irreparable harm. The potential harm is unclear, and Plaintiff has failed to provide sufficient facts

regarding the circumstances and timing of the alleged arrest warrant for the Court to determine that actual imminent injury exists. *Blaise v. Wells Fargo* & Co., No. 22-20303-CIV, 2022 WL 293259, at *2 (S.D. Fla. Feb. 1, 2022) ("[I]rrepable injury must be neither remote nor speculative, but actual and imminent"). Third, Plaintiff simply states in a conclusory fashion that the balance of the equities favors a TRO without explaining why or how the relief would affect the non-movant (DE 95 ¶ 7). *Gayle v. Wilmington Sav. Fund Soc'y*, No. 25-14119, 2025 WL 1183419, at *2 (S.D. Fla. Apr. 18, 2025), *report and recommendation adopted*, No. 25-14119-CIV, 2025 WL 1191734 (S.D. Fla. Apr. 24, 2025) ("Plaintiff's Motion makes various conclusory statements but fails to allege specific facts demonstrating that she meets the requirements for obtaining a TRO."). Similarly, Plaintiff states that public interest supports preservation of constitutional rights but does not demonstrate how the entry of the relief would preserve constitutional rights or why (*id.*).

In its January 13, 2026 Order, the Court stated the elements Plaintiff must establish to obtain his requested relief and the deficiencies in his filings. The Court also gave Plaintiff an opportunity to correct these deficiencies through supplement briefing. Plaintiff's failure to respond to the Court's Order counsels against a showing of true emergency and irreparable harm. Due to these deficiencies, the motions do not satisfy the requirements needed to obtain a TRO. It is therefore respectfully recommended that Plaintiff's Emergency Petition for Temporary Restraining Order to Bar Enforcement of State Warrant and Related Administrative Actions (DE 95) and Plaintiff's Supplemental Emergency Notice of Imminent Enforcement Risk and Request for Immediate Action (DE 97) be **DENIED**.

II. **MOTION TO DISMISS**

On December 18, 2025, Plaintiff filed his Motion to Dismiss Claims Against Unserved Defendants Without Prejudice (DE 89). In his Motion, Plaintiff seeks to dismiss the defendants that have not been served (*id.* ¶ 4). Such defendants include The State of Florida, Robert R.

Kynoch, in his personal capacity, Kristy Nunez, in her personal capacity, Cord Byrd, in his personal capacity, and all John and Jane Doe defendants (*id.* ¶¶ 1-5).[3] Under Federal Rule of Civil Procedure 41(a), "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a).  Plaintiff never perfected service of process on the defendants he seeks to dismiss from this action.[4]  As such, the Motion should be liberally construed as a notice to dismiss Defendants The State of Florida, Robert R. Kynoch, in his personal capacity only, and Cord Byrd, in his personal capacity only, without prejudice under Federal Rule of Civil Procedure 41(a)(1). It is therefore respectfully recommended that Plaintiff's Motion to Dismiss Claims Against Unserved Defendants Without Prejudice (DE 89) be **GRANTED** and that the Court order the dismissal of these Defendants pursuant to Plaintiff's Notice under Rule 41(a).

### III.     CONCLUSION

Accordingly, based on the foregoing, it is respectfully recommended that Plaintiff's Emergency Petition for Temporary Restraining Order to Bar Enforcement of State Warrant and Related Administrative Actions (DE 95) and Plaintiff's Supplemental Emergency Notice of Imminent Enforcement Risk and Request for Immediate Action (DE 97) be **DENIED**.  It is further respectfully recommended that Plaintiff's Motion to Dismiss Claims Against Unserved Defendants Without Prejudice (DE 89) be **GRANTED** and that Defendants The State of Florida, Robert R. Kynoch, in his personal capacity only, and Cord Byrd, in his personal capacity only, be **DISMISSED WITHOUT PREJUDICE**.

---

[3] Kristy Nunez and the Doe defendants have already been dismissed from this action (DE 86).

[4] While Plaintiff has perfected service on Defendant Cord Byrd in his official capacity, Plaintiff seeks to dismiss Defendant Cord Byrd in his personal capacity only.

### IV. OBJECTIONS

The Parties will have fourteen (14) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Rodney Smith, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error, if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 29th day of January, 2026.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   *Pro Se* Plaintiff Tarik Smith
      All Counsel of Record