UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22286-ALTMAN

TARIK SMITH,

     *Plaintiff*,

v.

MIAMI-DADE, *et al.*,

     *Defendants.*

_____/

## OMNIBUS ORDER ON MOTIONS

### I.      The Plaintiff's Duplicative & Meritless Motions

Our Plaintiff, Tarik Smith, has filed several duplicative, meritless motions. *See* Motion to Disqualify and Recuse Magistrate Judge and to Vacate Ultra Vires Orders [ECF No. 106]; Emergency Demand to Vacate Orders Issued without Authority [ECF No. 107]; Final Motion to Strike and Vacate All Magistrate Judge Orders Entered Without Jurisdiction and to Restore Article III Control of this Case [ECF No. 119]. For several reasons, we **DENY** these three motions.

*First*, Smith failed to confer with the Defendants on any of these motions, as required by Local Rule 7.1. *See* S.D. Fla. L.R. 7.1(a)(3) ("Prior to filing any motion in a civil case, except [for limited inapplicable exceptions] . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised."); *see also McCarthy v. Forbes*, 2025 WL 3211033, at *2 (S.D. Fla. Nov. 18, 2025) (Ruiz, J.) ("Local Rule 7.1[] clearly contemplates that all parties (even affected non-parties) will confer before an affirmative motion for relief is brought to the district court. The rule makes no distinction regarding whether the party is represented by counsel or proceeding *pro se.* Courts in this District agree that the

conferral requirement, like all other Local Rules, applies in cases involving *pro se* parties."). If Smith continues to disregard our Local Rules, he may be subject to sanctions, including the dismissal of his case without further warning.

*Second*, these motions are duplicative and vexatious. Smith has *repeatedly* sought the same relief—the disqualification of Magistrate Judge D'Angelo and the vacatur of her orders. *See generally* Docket. This is nothing more than a repeated effort to sidestep the effects of adverse rulings, as Magistrate Judge D'Angelo already found when she denied one of Smith's previous motions to disqualify. *See* Order Denying Motion to Disqualify [ECF No. 105] at 4 ("Plaintiff has failed to allege any meritorious basis to justify disqualification. Plaintiff takes issue with the rulings the undersigned made after Plaintiff verbally stated that he consented to the undersigned's jurisdiction at the December 11, 2025 hearing. Indeed, the only basis for disqualification that Plaintiff offers is his disagreement with the undersigned's rulings, which Plaintiff claims 'repeatedly granted procedural relief to Defendants while denying Plaintiff relief[.]'"). Smith's deluge of motions seeking the same relief "unnecessarily encroach[es] on the judicial machinery needed by others." *Edwards v. Darden Grp., Inc.*, 2025 WL 2598402, at *2 (S.D. Fla. Sept. 4, 2025) (Damian, J.), *appeal dismissed*, 2025 WL 3532398 (11th Cir. Sept. 9, 2025) (cleaned up). If Smith files any further duplicative or vexatious motions regarding Magistrate Judge D'Angelo's jurisdiction or prior orders, we may dismiss his case without further warning. *See ibid.* ("A litigant is considered vexatious when [he] has repeatedly abused the judicial process through a series of actions brought in state and federal courts and attempted to relitigate these issues, which were decided adversely to [him]." (cleaned up)).

*Third*, and most importantly, these motions are completely meritless. Despite Smith's unhappiness with Magistrate Judge D'Angelo's prior rulings in this case, and his alleged refusal to consent to her jurisdiction, it's beyond peradventure that "[a] district court may designate a magistrate judge to issue nondispositive orders and make recommendations on dispositive issues, even without

the parties' consent." *Wright v. Brown*, 817 F. App'x 797, 799 (11th Cir. 2020) (first citing 28 U.S.C. § 636(b)(1); and then citing *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512-13 (11th Cir. 1990)).

Here, the district court designated Magistrate Judge D'Angelo to handle Smith's case pursuant to Administrative Order 2025-11, *see* Order on Jurisdiction [ECF No. 5], and, upon Smith's request, assigned a district judge to rule on any dispositive motions, *see* Order Granting Motion for Case Reassignment [ECF No. 96]; *see also* Order Referring Case to Magistrate Judge Ellen F. D'Angelo for Pretrial Non-Dispositive Matters and Report and Recommendation on Dispositive Matters [ECF No. 101]. Moreover, Smith was given the opportunity to object to Magistrate Judge D'Angelo's jurisdiction at the outset of this case, *see* Order Regarding Jurisdiction at 2 ("If no party objects within fourteen (14) days from the date of this Order Regarding Jurisdiction (or in the case of a defendant, 14 days from the filing of any document with the Court), nothing more needs to be done by the parties as to this issue, and this case shall proceed in full before the undersigned Magistrate Judge[]."), and failed to do so, *see generally* Docket. So, we'll deny these three motions and reiterate our warning to Smith: If he continues disregarding our local rules and filing motions that lack legal support, we'll dismiss his case without further warning.

## II.      Magistrate Judge D'Angelo's Report & Recommendation

We next turn to Magistrate Judge D'Angelo's Report & Recommendation ("R&R") [ECF No. 115], in which she suggests that we: (1) deny Smith's Emergency Petition for Temporary Restraining Order ("TRO Motion") [ECF No. 95] and his Supplemental Emergency Notice of Imminent Enforcement Risk and Request for Immediate Action [ECF No. 97]; and (2) construe Smith's Motion to Dismiss Unserved Defendants [ECF No. 89] as a Rule 41 voluntary dismissal and grant his request to dismiss those defendants. When she issued her R&R, Magistrate Judge D'Angelo cautioned the parties as follows:

> The Parties will have fourteen (14) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Rodney Smith,

3

> United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error, if necessary, in the interest of justice.

R&R at 6. District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. *See* FED. R. CIV. P. 72(b)(3). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). "If no objection or only [a] partial objection is made to the magistrate judge's report, the district judge reviews those unobjected portions for clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (cleaned up)).

When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Leonard v. Polk Cnty. Sheriff's Dep't*, 2019 WL 11641375, at *1 (M.D. Fla. Apr. 16, 2019) (Jung, J.). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). The "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th

Smith filed a Motion to Strike Unsupported Factual Finding in Report and Recommendation ("Objection") [ECF No. 117], which we'll construe as an objection. But Smith's only argument in support of that objection is his claim that "[t]he R&R asserts that Plaintiff Tarik Smith had knowledge of a license suspension/warrant since August 2023." Objection at 1. This objection appears to be based on a mistaken reading of the R&R. In Magistrate Judge D'Angelo's explanation as to why Smith's TRO Motion wasn't a true emergency, she *quoted* case language discussing a *different* defendant's knowledge of a scheme since "August 2, 2023." R&R at 3 (quoting *Spimerica Access Sols., LLC v. Palazzani Industrie, S.P.A.*, 2023 WL 5748160, at *1 (S.D. Fla. Sept. 6, 2023) (Scola, J.)). This language is completely unrelated to our case and was not a factual finding on which Magistrate Judge D'Angelo based her R&R. We therefore **DENY** Smith's Motion to Strike Unsupported Factual Finding in Report and Recommendation [ECF No. 117].

Absent any other objections, and after careful review of the record and the relevant authorities, we **ADOPT** the Report & Recommendation [ECF No. 115] in full. The Plaintiff's TRO Motion and Supplemental Emergency Notice of Imminent Enforcement Risk and Request for Immediate Action are **DENIED**. The Plaintiff's Motion to Dismiss Unserved Defendants is **GRANTED**.

### III.     The Defendants' Motion to Dismiss

Finally, we'll turn to the Defendants' Joint Motion to Dismiss ("MTD") [ECF No. 108]. Smith advances four claims in his Amended Complaint [ECF No. 84]: (1) an unlawful-seizure claim (Count I); (2) a "municipal liability" claim, which alleges that "Miami-Dade County maintained policies causing violations" (Count II); (3) a due-process claim, which asserts only that "a driver's license is a protected interest" (Count III); and (4) a "supervisory liability claim" (Count IV). Amended Complaint ¶¶ 25–29. In their MTD, the Defendants argue that the entire Amended Complaint is "subject to dismissal on shotgun grounds[.]" MTD at 2 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d

1313, 1323 (11th Cir. 2015)). The Defendants also argue that Smith "fails to sufficiently allege that his constitutional rights have been violated." *Id.* at 4.

Smith (in a way) responded to the MTD, but he didn't challenge any of the Defendants' legal arguments and insisted only that we strike the MTD because: (1) it was filed "while magistrate authority and consent were actively disputed"; (2) the Defendants didn't confer with the Plaintiff before filing the MTD; and (3) granting the MTD would "prejudice plaintiff and improperly bootstrap contested magistrate rulings into dispositive relief." Motion to Strike MTD [ECF No. 113]. These arguments are meritless. *First*, as we've said, a magistrate judge may "issue nondispositive orders and make recommendations on dispositive issues, even without the parties' consent." *Wright*, 817 F. App'x at 799. *Second*, parties aren't required to confer on "a motion . . . to dismiss[.]" S.D. Fla. L.R. 7.1(a)(3). *Third*, we think it's fair to say that any successful motion to dismiss necessarily prejudices a plaintiff's case.

Smith otherwise entirely failed to respond to the merits of the Defendants' MTD. *See generally* Docket. The Eleventh Circuit has held that "a party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (cleaned up). "When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." *Ibid.* So, we'll grant the Defendants' MTD.

We recognize (of course) that Smith is proceeding *pro se* and that courts "should show leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Still, for two reasons, we conclude that dismissing Smith's Amended Complaint, *without prejudice*, is the proper outcome here. *First*, Smith *did* file a timely response to the Defendants' MTD (by filing his Motion to Strike). He simply elected not to engage

with the merits of the MTD. *Second*, we agree with the Defendants that Smith's Amended Complaint is a shotgun pleading.

As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it: "(1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

Here, the Amended Complaint fails to give the Defendants "adequate notice of the claims against them" because each count is only 1–2 sentences long and utterly fails to outline any factual basis for its assertions. All we know is that Smith was stopped and cited while driving his vehicle. His allegations that "[the] stop lacked reasonable suspicion or probable cause" and that "Officer Ruadez violated the Fourth Amendment" are far too conclusory to provide the Defendants with notice of the grounds on which Smith's claims rest. Amended Complaint ¶¶ 15, 26.

## CONCLUSION

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. Smith's Motion to Disqualify and Recuse Magistrate Judge and to Vacate Ultra Vires Orders [ECF No. 106] is **DENIED**.

7

2. Smith's Emergency Demand to Vacate Orders Issued without Authority [ECF No. 107] is **DENIED**.

3. Smith's Final Motion to Strike and Vacate All Magistrate Judge Orders Entered Without Jurisdiction, and to Restore Article III Control of this Case [ECF No. 119] is **DENIED**.

4. Magistrate Judge D'Angelo's Report & Recommendation [ECF No. 115] is **ADOPTED**.

   a. Smith's Motion to Dismiss Claims Against Unserved Defendants [ECF No. 89] is **GRANTED**. The Clerk is directed to **TERMINATE** any Defendant that was not served as of December 18, 2025, as a party to this matter.

   b. Smith's Emergency Motion for a Temporary Restraining Order [ECF No. 95] is **DENIED**.

   c. Smith's Supplemental Emergency Notice of Imminent Enforcement Risk and Request for Immediate Action [ECF No. 97] is **DENIED**.

   d. Smith's Motion to Strike Unsupported Factual Finding [ECF No. 117] is **DENIED**.

5. The Defendants' Joint Motion to Dismiss [ECF No. 108] is **GRANTED**.

   a. Smith's Demand to Strike the Defendants' Motion to Dismiss [ECF No. 113] is **DENIED**.

   b. The Defendants' Motion to Stay [ECF No. 114] is **DENIED as moot**.

   c. Smith's Amended Complaint [ECF No. 84] is **DISMISSED** *without prejudice*.

   d. Smith may file a Second Amended Complaint by **March 21, 2026**.

**DONE AND ORDERED** in the Southern District of Florida on March 6, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Tarik Smith (*pro se*)

       counsel of record